## SALEM GRAND COMPANY v HEILMAN

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1058. Decided June 2, 1931

H. N. Routzohn, Dayton, for Salem Grand Co.

Nolan & Beigel, Dayton, for Heilman.

ALLREAD, J.

We have carefully read the record and considered the evidence.

Counsel for the plaintiff in error contends that the trial court in its charge to the jury as to the proof of the amended contract, the trial court charging the jury that a preponderance of the evidence would be sufficient to prove the verbal change in the written contract. We cannot escape the view that the charge in this particular was incorrect. **Thurston v Ludwick, 6 Oh St, P. 1, McDonald v Chervish, 6 Oh Ap, P. 88** and **Ferguson v Seigel, 29 Oh Ap, 529. Ashley v Henahan, 56 Oh St, 560, Dreher v McKenza, 16 C. C. (N.S.) 55, Keiper v Selfe, 22 C. C. (N.S.) 510, Grain Co. v Fronyer, 25 C. C. (N.S.) 151.** Notwithstanding this error of the trial court we find that the clear weight of the evidence justifies the verdict and that the plaintiff made out his case as to the changed contract by the clear weight of the evidence and was entitled to the verdict of the jury in his favor. Not only does the testimony show that the amended contract was made but that the defendant paid on said contract, as amended, the sum of $430.00. We further find that Miller, the superintendent of the plaintiff in error and Abelberger, while they deny the verbal change of the contract, yet they admit many of the facts tending to show the actual carrying out of the amended contract and the partial payments thereon. We think the state of the proof is such that this court has a right to certify that the judgment is according to the substantial justice of the case under the provisions of §11364 GC and we find that the charge of the court was under the circumstances a technical error. This court will therefore give a certificate under §11364 GC. The judgment of the court below is therefore affirmed.

HORNBECK and KUNKLE, JJ, concur.